[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter is an action by Regina Crockett, the maternal grandmother of Nytesha Crockett brought under Connecticut General Statutes section 46b-59 seeking visitation with her granddaughter. The defendant, Nicholas Pastore is the biological father of the child. He was awarded sole custody and guardianship of the child in juvenile proceedings on October 22, 1997.
The defendant, Nicholas Pastore has filed a Motion to Dismiss the complaint for visitation. Pastore claims that this court lacks subject matter jurisdiction. It is his argument that Connecticut General Statutes section 46b-59[1], read in light of Castagno v. Wholean, 239 Conn. 36 (1996) must result in the conclusion that this court has no jurisdiction over the complaint. The plaintiff resists this argument and references the very same case for the argument that this court does have subject matter jurisdiction.
For the purpose of arguing this matter, the following additional facts were stipulated. The parents of Nykesha Crockett were never married and they never lived together. The grandmother initially brought an action for visitation in juvenile court and CT Page 10377 it was dismissed by the court since no neglect petition was then pending.[2] This matter thus ensued.
In Castagno v. Wholean, the Supreme Court found that the trial court lacked subject matter jurisdiction under Connecticut General Statutes section 46b-59 to entertain a petition for visitation by a grandmother where the family of the children is intact and there is no court action or state involvement with the family. In that case, intact family equated with a mother and father who are married and living together.
The court declined to ". . . state precisely which circumstances will suffice to invoke the trial court's jurisdiction under section 46b-59." Ibid at 352. The court did go on to say that such an action may be warranted where there has been a death of a parent or a de facto separation of the parents. In this case, clearly, there is a de facto separation of the parents. They were never living together. The family of Nakeesha Crockett can not be deemed an intact family.
The defendant's assertion of the right to privately raise his daughter assumes that there has been no disruption of the integrity of the family. Ibid at 346. This family has not functioned free of state intervention. In fact, the defendant's guardianship and custody of the child Nakeesha Crockett is a direct result of state intervention through a neglect court proceeding. This is an analogous event to the triggering events found in Connecticut General Statutes sections 46b-56 and 46b-57.
The court finds that it has subject matter jurisdiction over the complaint, based upon the stipulated facts presented before the court in the argument of the motion to dismiss. The motion to dismiss is denied.
Munro, J.